Dear Mr. Fontenot:
You have asked the opinion of the Attorney General regarding the application of LSA-R.S. 42:4.1 et seq., the Louisiana Open Meetings Law. Your request has been assigned to me for consideration and response. You state in your letter that a meeting occurred, without notice, between several members of the "911 Board" within your district. Specifically, you ask whether that meeting was held in violation of the Open Meetings Law.
LSA-R.S. 33:9101 et seq. states that the governing authority of any parish may, by ordinance, create communications districts which are political subdivisions of the State. The purpose of such districts being to aid in the amount of time it takes citizens to receive emergency aid. The "911" number has been adopted and is used in such districts to aid in this purpose. Under LSA-R.S. 33:9103, the parish governing authority may appoint a board of commissioners to govern the district. This board has the sole authority to appoint a chairman and any other officers. All official acts taken by the board of commissioners require a quorum, or majority, of the members. See LSA-R.S.33:9103C.
For purposes of the Open Meetings Law, the board of commissioners of a communications district is a "public body." See LSA-R.S. 42:2A.(2). Under LSA-R.S. 42:5, "Every meeting of any public body shall be open to the public unless closed pursuant to LSA-R.S. 42:6, LSA-R.S. 42:6.1, or LSA-R.S. 42:6.2." A "meeting" is defined, under LSA-R.S. 42:4.2A(1), as:
 ". . . the convening of a quorum of a public body to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power. It shall also mean the convening of a quorum of a public body by the public body or another public official to receive information regarding a matter over which the public body has supervision, control, jurisdiction, or advisory power."
According to facts related by you in our phone conversation on June 18, 1993, the board of commissioners members which were in attendance at the meeting in question were the chairman, vice-chairman, and secretary. You also stated that the director of the 911 district was in attendance, however, he is not a member of the board. Thus, three (3) members of the board of commissioners out of seven (7) were present at this meeting, clearly this is not majority required for a quorum under LSA-R.S. 33:9103C. and LSA-R.S. 42:4.2A.(3). Because no quorum existed, this gathering of board members did not constitute a "meeting" for purposes of the Open Meetings Law and, thus, any further discussion of whether this meeting was in violation of such law is not reached.
It should be noted, however, that the purpose of the Open Meetings Law is to allow access to citizens to the political process. Therefore, the provisions of the Open Meetings Law are liberally construed in favor of such access. See LSA-R.S.42:4.1. The board of commissioners is required to follow the notice requirements of LSA-R.S. 42:7 and any attempts to meet without such notice are prohibited. Informal and impromptu meetings of the board should not be used as a subterfuge of the purposes and mandates of the Open Meetings Law.
I hope that this has sufficiently addressed your inquiry. If you require further assistance, please feel free to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:pab 0501p